UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID G. MORTON, )
)
      Plaintiff, ) Case No. 1:12-cv-511
)
v. ) Honorable Robert Holmes Bell
)
BANK OF AMERICA, N.A., et al., )
) **MEMORANDUM OPINION**
      Defendants. )
_____)

      This is a civil action brought by a *pro se* plaintiff. Plaintiff's claims arise from the foreclosure by advertisement by defendant Bank of America on real property owned by plaintiff. Among the named defendants are Mark D. Oken, Hugh McColl, and Kathy Oriard, who are alleged to be present or past employees of Bank of America. After the period for expiration of summonses had expired, this court issued a notice of impending dismissal (docket # 17) informing plaintiff that the claims against these defendants would be dismissed without prejudice under Fed. R. Civ. P. 4(m), unless plaintiff filed a verified petition setting forth reasons sufficient to avoid dismissal.

      In response to the court's notice, plaintiff filed a Verified Petition re: Service of Process. (docket # 18). Plaintiff's verified petition recited that all three defendants had been served by certified mail on April 30, 2012. Plaintiff's petition attached the return receipts (denominated Form 3811) for each purported service by certified mail. (docket # 18-1). Purported service was made under Michigan law, at a time when this matter was pending in the Kent County Circuit Court.

The court finds that service of process was insufficient to obtain jurisdiction over these defendants. Michigan law does allow service of process on individuals by certified or registered mail. MICH. CT. R. 2.105(A)(2). The rule requires, however, that delivery must be restricted to the addressee. *Id.* The Michigan courts have made it clear that the requirements of Rule 2.105(A) are not matters of form, but are meant to satisfy the due-process requirements established by the United States Supreme Court for affording a defendant actual notice and an opportunity to be heard. *See, e.g., Bullington v. Corbell*, 809 N.W.2d 657, 661-62 (Mich. Ct. App. 2011).

The return receipts appended to plaintiff's verified petition clearly demonstrate that plaintiff did not restrict delivery to the addressees, as expressly required by Rule 2.105(A)(2). Furthermore, none of the defendants signed the return receipt. Michigan law makes it clear that this defect is fatal and that valid service was not made. *See Bullington*, 809 N.W.2d at 662.

The time to effect service of process under Rule 4(m) has long expired, and plaintiff has not shown good cause for an extension of time. Defendants Oken, McColl and Oriard will therefore be dismissed from this action without prejudice.


Dated: April 30, 2013                     /s/ Robert Holmes Bell
                 ROBERT HOLMES BELL
                 UNITED STATES DISTRICT JUDGE