UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID G. MORTON,              )
                              )
        Plaintiff,            )     Case No. 1:12-cv-511
                              )
v.                            )     Honorable Robert Holmes Bell
                              )
BANK OF AMERICA, N.A., et al.,)
                              )     **REPORT AND RECOMMENDATION**
        Defendants.           )
_____)

This is a civil action brought by a *pro se* plaintiff to challenge a pending foreclosure by advertisement of a mortgage on real estate. The case was initiated in the Kent County Circuit Court and removed to this court by defendants. Plaintiff's *pro se* complaint names Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. (MERS), the law firm of Trott & Trott, and individuals employed by both the Bank and the law firm. The matter is before this court on cross-motions by plaintiff and the law firm defendants for summary judgment and a motion to remand brought by plaintiff.

District Judge Robert Holmes Bell has referred this matter to me for all pretrial purposes, including the entry of a report and recommendation on all dispositive matters. *See* 28 U.S.C. § 636(b). After review of the submissions of the parties, I conclude that the court has subject-matter jurisdiction. I further conclude that plaintiff has failed to state any arguable claim against any David Trott or the Trott law firm arising from the foreclosure proceedings. I therefore recommend

that the law firm defendants' motion be granted, that plaintiff's motions be denied, and that judgment in favor of the law firm defendants and against plaintiff be entered.

## **Allegations of the Complaint**

This action was commenced in the Kent County Circuit Court on April 27, 2012, with the filing of a complaint captioned "Complaint to Quiet Title, With Statutory Money Damages for Violation of TILA, RESPA, and Other Applicable State and Federal Home Lending Laws." (Compl., docket # 1-1). The complaint seeks to quiet title to real property located in the City of Kentwood in Kent County, Michigan. Plaintiff claims fee simple title resulting from a warranty deed to him and his now-deceased wife, recorded on January 25, 2002. (Compl., ¶ 17). Plaintiff alleges that on March 15, 2003, he refinanced the original home loan with Countrywide Home Loans, Inc. (which has since been acquired by defendant Bank of America). The refinanced loan was secured by a mortgage recorded on March 25, 2003. (*Id.*, ¶ 19). Six years later, plaintiff began to question "who was the real creditor and who had the right to collect payments." (*Id.*, ¶ 21). He alleges that he served defendants Bank of America and MERS with a "qualified written request" pursuant to RESPA [the Real Estate Settlement Procedures Act] demanding specific verification and validation of their positions and claims. (*Id.*, ¶ 21). He asserts that neither defendant responded to his demand. (*Id.*, ¶ 22). As a result, plaintiff admittedly began withholding his mortgage payments until the Bank produced proof that it was entitled to receive them. (Compl., ¶ 23).

On December 14, 2009, plaintiff served a "notice to cancel loan" on the Bank and MERS. The notice purported to exercise a right under the Federal Truth in Lending Act to cancel the financing transaction. (Compl., Ex. 3). At the same time, plaintiff served a "notice of removal of

trustee" (Ex. 4) which purported to remove Bank of America and MERS as trustees or nominees of the mortgage. Plaintiff contends that these documents abrogated the mortgage and relieved him of any further responsibility to make payments. Nevertheless, Bank of America, acting through its attorneys defendant Trott & Trott, began a foreclosure by advertisement under Michigan law. (Compl., ¶ 29).

After reciting the foregoing facts, the complaint asserts a claim for "lack of standing/estoppel by acquiescence" (Compl., ¶¶ 32-34) asserting that defendants' failure to rebut the statements made in plaintiff's various filings estops plaintiff from contradicting them. The next claim is "lack of standing/fatally defective assignment." (Compl., ¶¶ 35-38). In this count, plaintiff asserts that MERS lacked contractual authority to assign the mortgage to any other party. Defendant Crain, who signed the assignment document as "Assistant Secretary of MERS," is alleged to have been a "robo signer." Further, plaintiff alleges that as a nominee, MERS had nothing to assign. On this basis, plaintiff alleges that Bank of America has no interest in the mortgage and that the Trott & Trott law firm had no authority to begin foreclosure by advertisement proceedings.

Plaintiff's third claim is denominated "lack of standing/no right or cause of action." (Compl., ¶¶ 39-43). This claim also relies on defendants' failure to rebut the statements made by plaintiff in the notices that he served on them and filed with the Register of Deeds. The claim also relies on plaintiff's unilateral acts in purporting to cancel the mortgage, remove the trustees, and revoke any power of attorney that might have been created by the mortgage documents.

The following dispositive motions are now pending before the court:

- Plaintiff's motion to remand the case to circuit court (docket # 34);

- Motion of defendants David Trott and Trott & Trott, P.C., for summary judgment (docket # 19); and plaintiff's cross-motion for summary judgment against the same defendants (docket # 22);

- Motion of defendants Bank of America, N.A., MERS, and Youda Crain for judgment on the pleadings (docket # 26).[1]

For the reasons set forth below, I recommend that plaintiff's motion to remand and for summary judgment be denied and that the dispositive motions of all defendants be granted.

## Discussion

### I. Motion to Remand

Plaintiff has moved to remand this action to the Kent County Circuit Court. Because the motion to remand questions this court's subject-matter jurisdiction, it should be addressed before any other motion.

Removals of civil actions from federal court are governed by 28 U.S.C. §§ 1441-1454. Under the provisions of section 1441(a), any civil action brought in a state court over which the district courts have original jurisdiction may be removed by defendants. Under the plain language of the statute, a state-court action that originally could have been brought in federal court may be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In general, two kinds of civil actions may be brought in federal court. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Under 28 U.S.C. § 1332, federal district courts have original

---

[1] This motion has been converted to a motion for summary judgment and is not yet ready for decision. It is not a subject of this Report and Recommendation.

jurisdiction over civil actions between parties of diverse citizenship, where at least $75,000 is in controversy, exclusive of interest and costs. Defendants have invoked both grounds for jurisdiction in their removal petition.

The district court's jurisdiction under section 1331 is sometimes called "federal-question jurisdiction." In determining whether a complaint arises under federal law and therefore poses a federal question, the court applies the well-pleaded complaint rule. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Under this rule, federal jurisdiction exists when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. The Supreme Court has identified three situations in which a case could "arise under" federal law: (1) plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim;" or (3) the claim is "really" one of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9, 13 (1983).

Plaintiff's complaint relies on two federal statutes as an integral basis for his claim to relief. The caption of the complaint states that plaintiff seeks "statutory money damages for violation of TILA, RESPA and other applicable state and federal home lending laws." In the body of the complaint, and in its attachments, plaintiff asserts a right to rescind the loan transaction pursuant to the Federal Truth in Lending Act. (Compl., ¶¶ 16, 25 and Ex. 3). Furthermore, plaintiff alleges that he issued a "qualified written request" pursuant to RESPA (the Real Estate Settlement Procedures Act). "Qualified written request" is a term of art defined in the RESPA statute. 12 U.S.C. § 2605(e)(1)(B). Read as a whole, plaintiff's complaint clearly relies on federal law as a basis for relief. Plaintiff's claims under two federal statutes -- the Truth in Lending Act and the Real

Estate Settlement Procedures Act -- arise under federal law. Plaintiff's state-law claims involve a common nucleus of facts and are therefore within the court's supplemental jurisdiction. 28 U.S.C. § 1367.

This action was removable to federal court under 28 U.S.C. § 1441(a). Plaintiff's motion to remand should be denied.[2]

**II.     Motion For Summary Judgment**

Read with due liberality, plaintiff's *pro se* complaint alleges (1) federal claims under the Truth in Lending Act (TLA) and the Real Estate Settlement Procedures Act (RESPA) and (2) quiet title claims seeking to defeat the 2003 mortgage now encumbering plaintiff's real estate in Kent County, Michigan. On the basis of the facts now appearing of record, it is indisputable that plaintiff has no legal claim against the Trott & Trott firm or David Trott under any of these legal theories.

A.     Applicable Standard

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005). "'[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.'" *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005)(quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)).

---

[2] The clear existence of federal-question jurisdiction makes it unnecessary to decide whether there is also jurisdiction under 28 U.S.C. § 1332 on the basis of diversity of citizenship.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Kizer v. Shelby County Gov't*, 649 F.3d 462, 466 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Services*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). *Fed. R. Civ. P.* 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Clark v. Walgreen Co.*, 424 F. App'x 467, 471 (6th Cir. 2011). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555

F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to plaintiff's motion for summary judgment.

B. Analysis

1. TILA

The Federal Truth in Lending Act (15 U.S.C. §§ 1601-1667f) requires that lenders make certain disclosures in connection with lending arrangements and provides for civil liability for failure to comply with its provisions. Pursuant to the authority delegated to it by TILA, the Federal Reserve System's Board of Directors has promulgated Regulation Z, 12 C.F.R. part 226, detailing the disclosures a creditor must make in connection with a financing arrangement. The required disclosures by a creditor include information about the loan transaction, the amount financed, the finance charge, the annual percentage rate, the payment schedule, and the total sale price. 12 C.F.R. § 226.18. TILA liability arises when a "creditor" fails to make the required disclosures before consummation of the transaction. *Id.* at § 226.17(b). "Consummation" occurs when a borrower signs the loan documents and becomes obligated to pay. *See United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009).

In the present case, plaintiff does not allege that the law firm defendants had anything to do with the 2003 transaction pursuant to which plaintiff and his wife refinanced the mortgage on their real estate. TILA defines a creditor as one who regularly extends consumer credit and is initially due payment for debt arising from a consumer-credit transaction. 15 U.S.C. § 1602(g). The Sixth Circuit Court of Appeals has recently held that this definition does not include loan servicers who deal with a mortgage after it has been consummated. *Mourad v. Homeward Residential, Inc.*, No. 12-1880, 2013 WL 870205, at * 4 (6th Cir. Mar. 8, 2013). *A fortiori*, a law firm participating in a foreclosure by advertisement years after the consummation of a financing arrangement cannot possibly be deemed a "creditor" under TILA. Plaintiff's complaint alleges only that the law firm

defendants were involved in the foreclosure, not in the underlying mortgage transaction. He therefore states no conceivable claim against David Trott or the Trott & Trott law firm for a TILA violation.

2. RESPA

Plaintiff seeks to hold the law firm defendants liable for violation of RESPA, 12 U.S.C. §§ 2601-2617. RESPA was enacted to provide "more effective advance disclosure to home buyers and sellers of settlement costs" in response to "abusive practices" in the real estate settlement process. 12 U.S.C. §§ 2601(a), (b)(1). RESPA creates a cause of action in favor of a borrower for actual damages arising from violation of any of the requirements of the Act. 12 U.S.C. § 2605(f)(1). Plaintiff alleges that he served upon the Bank and MERS a "qualified written request" within the meaning of RESPA. 12 U.S.C. § 2605(e)(1)(B). RESPA requires servicers of federally related mortgage loans to respond in certain ways, and within limited time periods, to qualified written requests. *Id.* at § 2605(e)(2).

Accepting as true plaintiff's allegations concerning the failure of the Bank and MERS to comply with their RESPA obligations, I conclude that plaintiff has alleged no plausible claim against the law firm defendants arising from such failure. The Sixth Circuit has made it clear that liability under RESPA for failing to respond to qualified written requests attaches only to loan servicers. *Joyner v. MERS*, 451 F. App'x 505, 507 (6th Cir. 2011). As attorneys for the mortgagee in a foreclosure proceeding, the law firm defendants had no conceivable liability arising from any failure of the mortgagor to respond appropriately to plaintiff's qualified written request.

3. State-Law Claims

The principal goal of the claims pleaded in the complaint is to quiet title to a piece of Michigan real estate. Quiet title actions are governed by the Revised Judicature Act of 1961, which allows any person claiming a right, title or interest in land to bring a civil action "against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." MICH. COMP. LAWS § 600.2932(1). The Trott & Trott law firm and Mr. Trott represented the mortgagee on plaintiff's mortgage loan, Bank of America. It is undisputed that their role was limited to acting as counsel for the Bank in pursuing foreclosure. The complaint does not allege that either the Trott & Trott firm or Mr. Trott claim any interest in the subject real estate. These defendants therefore have no conceivable place in a quiet title action, as they claim no interest in the real estate.

To the extent that plaintiff seeks damages against these defendants on some other state-law theory, the result remains the same. The federal courts of this State have consistently rejected claims by mortgagors against law firms representing mortgage companies in cases alleging wrongful foreclosure. *See, e.g., Estate of Malloy v. PNC Bank*, No. 11-12922, 2011 WL 4485088, at * 1 (E.D. Mich. Sept. 27, 2011) (law firm fraudulently joined in action challenging foreclosure); *accord Conlon v. MERS*, No. 11-15352, 2011 WL 6440705, at * 1 (E.D. Mich. Dec. 16, 2011). ("In cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank."). These cases are a specific application of the general rule of Michigan law that a party has no claim against the attorney representing his opponent, as the attorney owes plaintiff no duty. *See Lyons v. Trott & Trott*, No. 12-12182, ___ F. Supp. 2d ___, 2012 WL 5301039, at * 5 (E.D. Mich. Oct. 25, 2012); *see also*

*Dardini v. Chase*, No. 12-cv-12559, 2013 WL 1747825, at * 3-4 (E.D. Mich. Apr. 23, 2013); *Edwards v. Standard Federal Bank, N.A.*, No. 08-12146, 2009 WL 92157, at * 3 (E.D. Mich. Jan. 14, 2009).

On the foregoing basis, I conclude that defendants David Trott and the Trott & Trott firm have no liability for wrongful foreclosure and that plaintiff has no conceivable claim against them. Plaintiff's only claim is that the law firm defendants instituted foreclosure proceedings on behalf of Bank of America, when the firm knew that the mortgage was not subject to foreclosure. For present purposes, I accept this allegation as true. As noted above, however, the courts of this state are unanimous in holding that a law firm for the foreclosing party owes no duty to the mortgagor in these circumstances. Therefore, even assuming that the law firm defendants began foreclosure by advertisement when the mortgage was not in default, plaintiff states no claim against the law firm defendants. *See Lyons v. Trott & Trott*, 2012 WL 5301039, at * 5 ("Because Trott is not the mortgage holder, the mortgage servicer and is not a 'foreclosing party' as defined under Michigan law, and because Trott was acting at all times as BANA's attorney and representative in the foreclosure and loan modification process, Plaintiff has pleaded no colorable claim against Trott under Michigan law.").

The motion for summary judgment by the law firm defendants (docket # 19) should therefore be granted and plaintiff's cross- motion (docket # 22) should be denied.

**Recommended Disposition**

For the foregoing reasons, I recommend as follows:

A.    Plaintiff's motion to remand (docket # 34) should be denied.

B. The motion of defendants David Trott and Trott & Trott, P.C. for summary judgment (docket # 19) should be granted, and judgment entered in favor of those defendants.

C. The motion of plaintiff for summary judgment (docket # 22) should be denied.

Dated: May 3, 2013  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).