UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID G. MORTON,

        Plaintiff,

v.

        File No. 1:12-CV-511

        HON. ROBERT HOLMES BELL

BANK OF AMERICA, N.A., et al.

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On May 3, 2013, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation (R&R) recommending: (1) the Court deny Plaintiff's motion to remand (Dkt. No. 34); (2) the Court grant Defendants David Trott and Trott & Trott, P.C.'s (collectively, Attorney Defendants) motion for summary judgment (Dkt. No. 19), and enter judgment in their favor; and (3) the Court deny Plaintiff's motion for summary judgment (Dkt. No. 22). This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. Nos. 54, 56.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id*.

Plaintiff presents the following objections: (1) this Court lacks jurisdiction to hear his claims because his "central claim" is a state-based fraud claim, not a federal question; (2) this Court further lacks jurisdiction to hear his claims because he and Defendants lack diversity of citizenship; (3) contrary to the Magistrate Judge's conclusion, several meritorious state claims were asserted; (4) Defendants Bank of America, MERS, and Youda Crain (collectively, Non-Attorney Defendants) failed to comply with a court order requiring an affidavit authenticating their exhibits; and (5) summary judgment against him is inappropriate because Attorney Defendants failed to rebut any of the facts in his previous filings. (Dkt. Nos. 54, 56.)

Plaintiff's contention that this Court cannot have jurisdiction because his "central claim" was a state fraud claim (Dkt. No. 54, at 6) misconstrues the legal standard of federal question jurisdiction. To obtain subject-matter jurisdiction under 28 U.S.C. § 1331, the well-pleaded complaint need only have a federal question on its face. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). No statute or case law requires that the federal question be the "central claim." Accordingly, Plaintiff's assertion that this Court cannot have jurisdiction because his state fraud claim is the "central claim" is without any legal support.

This Court agrees with the Magistrate Judge's conclusion that Plaintiff's complaint poses a federal question in accordance with the well-pleaded complaint rule. *See Loftis v.*

*U.S. Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Federal jurisdiction exists if a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392. The Magistrate Judge identified two federal questions on the face of Plaintiff's complaint. (Dkt. No. 50, at 5.) Plaintiff seeks monetary damages under both the Federal Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). "In the body of the complaint, and in its attachments, plaintiff asserts a right to rescind the loan transaction pursuant to [TILA]. Furthermore, plaintiff alleges that he issued a 'qualified written request' pursuant to RESPA." (*Id.* (internal parentheses omitted).) The Magistrate Judge is correct that, read as a whole, Plaintiff's complaint "clearly relies on federal law as a basis for relief." *Id*. This Court has subject-matter jurisdiction over Plaintiff's federal claims as a result. Further, this Court has supplemental jurisdiction over Plaintiff's state-law claims, all of which derive from a common nucleus of facts. *See* 28 U.S.C. § 1367.

Plaintiff's second objection is moot. Whether or not diversity of citizenship exists under 28 U.S.C. § 1332 is irrelevant because there is an alternative basis for federal jurisdiction under 28 U.S.C. § 1331. Plaintiff's well-pleaded complaint asserts a federal question, a sufficient ground for this Court's subject-matter jurisdiction regardless of diversity of citizenship.

This Court disagrees with Plaintiff's third objection (Dkt. No. 54, at 2) and agrees with the Magistrate Judge's finding that no meritorious state claim was asserted. (Dkt. No. 50, at 11.) Plaintiff asserts numerous state claims against Attorney Defendants, including

fraud, slander, and wrongful foreclosure. (Dkt. No. 54, at 2.) As the Magistrate Judge noted, however, "the federal courts of this State have consistently rejected claims by mortgagors against law firms representing mortgage companies in cases alleging wrongful foreclosure." (Dkt. No. 50, at 11.) As a general rule, a party has no claim against the attorney representing his opponent because the attorney does not owe the plaintiff a legal duty. *Dardini v. Chase*, No. 12-CV-12559, 2013 WL 1747825, at *3-4 (E.D. Mich. Apr. 23, 2013); *Edwards v. Standard Fed. Bank, N.A.*, No. 08-12146, 2009 WL 92157, at *3 (E.D. Mich. Jan. 14, 2009). No meritorious claim exists against Attorney Defendants because, as attorneys, they do not owe Plaintiff any legal duty.

In an attempt to circumvent Attorney Defendants' lack of legal duty, Plaintiff argues that Attorney Defendants were working in an independent capacity, not as agents of the bank, during the foreclosure proceedings. (Dkt. No. 54, at 5.) This argument is conclusory and not supported by the record. It is difficult to imagine why Attorney Defendants would initiate a foreclosure against Plaintiff without acting as the agent of the bank. Without support, an argument that Defendants acted independently is too attenuated and imaginative to be accepted by this Court.

The record clearly contradicts Plaintiff's fourth objection that Non-Attorney Defendants did not provide a court-ordered affidavit authenticating their exhibits. (Dkt. No. 54, at 7; Dkt. No. 56.) On May 10, 2013, Non-Attorney Defendants filed the affidavit of Melissa Davidson, in compliance with the Court's order. (Dkt. No. 52.) Plaintiff contends

4

that Ms. Davidson did not have the personal knowledge necessary to authenticate the exhibits (Dkt. No. 56, at 2), however, he provides no support for this conclusory allegation. Ms. Davidson swore, under oath, that she had personal knowledge of the matters at hand prior to authenticating the exhibits. Plaintiff provides no factual or legal basis to demonstrate why the affidavit does not comply with the Court's order.

Plaintiff's fifth and final objection misconstrues the summary judgment standard. The Attorney Defendants are not required to rebut all of Plaintiff's factual contentions to prevail on a motion for summary judgment. Summary judgment must be entered against a party who fails to make a sufficient factual showing to establish the existence of an essential element for which they have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A failure to establish an essential element renders all other facts immaterial. *Id*. The Magistrate Judge appropriately recommended the dismissal of each of Plaintiff's claims, identifying the absence of an essential element for each claim. (Dkt. No. 50.) Attorney Defendants' failure to rebut every single factual contention is irrelevant in light of Plaintiff's failure to establish the existence of all essential elements.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt. Nos. 54, 56) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 3, 2013, R&R (Dkt. No. 50) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (Dkt. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Attorney Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED**, and **JUDGMENT** is entered in their favor.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 22) is denied.


Dated: July 12, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE